**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1178-18T2

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-6,

     Plaintiff-Respondent,

v.

SADAQAH TRUST and SAFIYYA
SHARIF,

     Defendants-Appellants.

_____

Submitted September 24, 2019 – Decided September 30, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-025067-15.

Safiyya Sharif, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian Yoder, on the brief).

PER CURIAM

In 2006, defendant Safiyya Sharif entered into a loan agreement for the purpose of buying a home in Newark; that process included defendant's execution of a mortgage and note to secure repayment. Defendant defaulted in April 2009; the mortgage and note were assigned to plaintiff a few months later. Five years later, plaintiff served defendant with a notice of intent to foreclose and, in July 2015, commenced this foreclosure action. Defendant filed an answer, but plaintiff successfully moved for the striking of that answer as non-contesting.

In March 2017, plaintiff moved for entry of final judgment, and defendant filed opposition. The motion judge rejected defendant's objection to the amount sought, but when the matter was administratively delayed for approximately a year, plaintiff moved again for the entry of final judgment, and defendant again objected. Another motion judge found no merit in defendant's objection and final judgment was later entered.

Defendant appeals, arguing:

> I. THE TRIAL COURT ERRED WHEN IT RESPECTFULLY RECOMMEN[]DED FINAL JUDGMENT, WHICH FAILED TO COMPLY WITH THE NEW JERSEY SUPREME COURT ORDER DATED JUNE 9, 2011 . . . .

A-1178-18T2

II. THE TRIAL COURT ERRED WHEN IT RESPECTFULLY RECOMMENDED FINAL JUDGMENT WHICH FAILED TO COMPLY WITH THE REQUIRED AFFIDAVIT OF DILIGENT INQUIRY FORM WITH ITS APPLICATION FOR FINAL JUDGMENT PURSUANT TO [RULE] 4:64-2(d).

III. PLAINTIFF FAILED TO FILE THE REQUIRED AFFIDAVIT OF AMOUNTS DUE AND OWING SCHEDULE PURSUANT TO [RULE] 4:64-2(d).

We find defendant's arguments to be without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).  In seeking entry of final judgment, plaintiff filed all appropriate sworn statements.  And, in opposing the judgment's entry, defendant failed to dispute plaintiff's claim to the amount due, as recognized by Judge Jodi Lee Alper in the concise written opinion attached to her October 4, 2018 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1178-18T2